UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| GREGORY COPLEY, | CASE NO. 1:19-cv-00847 |
| Petitioner, | OPINION & ORDER |
|  | [Resolving Doc. 1] |
| v. |  |
| WARDEN DOUGLAS FENDER, |  |
| Respondent. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Gregory Copley is presently serving a 13-year state-court sentence after pleading no-contest to nine criminal indictment counts. He had earlier pled guilty, and then been found guilty, to the nine counts that included aggravated robbery and kidnapping.[1]

Under 28 U.S.C. § 2254, Copley filed a *pro se* petition for a writ of habeas corpus.[2] Warden Fender returned.[3] Petitioner filed a traverse.[4] After an automatic referral,[5] Magistrate Judge Burke issued a Report and Recommendation, recommending that this Court deny Copley's petition.[6] Petitioner objected to the entire Report and Recommendation.[7] Therefore, this Court reviews *de novo*.[8]

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 11.
[4] Doc. 12.
[5] Local Rule. 72.2.
[6] Doc. 13.
[7] Doc. 16-1. Warden Fender never responded to Petitioner's objections.
[8] 28 U.S.C. § 636(b)(1)(c).

Case No. 1:19-cv-00847
GWIN, J.

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES in part** and **DENIES in part** Copley's habeas corpus petition.

I. Background

Petitioner Copley was accused of participating in an armed December 5, 2016, Rascal House Pizza robbery at in Euclid, OhioShortly after the robbery, Euclid police apprehended Copley and his co-defendants when they turned the wrong way onto a one-way street. Petitioner Copley confessed and apologized for his role in the robbery.[9]

On December 13, 2016, Copley was indicted on nine counts, including two counts for carrying a concealed weapon, and one count each for aggravated robbery, robbery, kidnapping, attempted safecracking, receiving stolen property, improperly handling firearms in a motor vehicle, and having weapons under disability.[10]

On March 21, 2017, Copley pleaded no contest to all nine counts.[11] Shortly before his sentencing, however, Copley *pro* se filed motions to vacate his no contest plea and disqualify his counsel. Copley explained that he did not understand he was pleading to all charges and thought he would only face six-to-nine years imprisonment. Based on this misunderstanding, Copley argued his counsel was ineffective.[12] On May 1, 2017, the trial court denied Copley's request to vacate his plea and sentenced Copley to 13 years in prison.[13]

---

[9] Doc. 13.
[10] Doc. 11-1 at 4–12.
[11] *Id.* at 15–16.
[12] *Id.* at 17–20, 95.
[13] *Id.* at 21–22.

Case No. 1:19-cv-00847
GWIN, J.

Alongside a notice of appeal, on July 27, 2017, Petitioner *pro se* filed a motion for delayed appeal and a motion for appointed counsel with the Ohio Court of Appeals.[14] Through appointed counsel, Petitioner raised three issues in his appellate brief:

> (1) the trial court erred when it did not grant his pre-sentence motion to withdraw his no-contest plea;
>
> (2) the trial court erred when it denied Copley's motion to disqualify his appointed counsel;
>
> (3) the trial court denied his Sixth Amendment right to effective assistance of counsel.[15]

On April 19, 2018, the Ohio Court of Appeals affirmed the trial court's judgment.[16]

On May 17, 2018, Petitioner *pro se* filed a notice of appeal with the Ohio Supreme Court and a memorandum in support of jurisdiction.[17] On July 5, 2018, the Ohio Supreme Court declined to accept jurisdiction.[18]

On April 16, 2019, Copley filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[19] In his petition to this court, Copley raised four grounds:

> (1) the trial court erred when it denied Copley's pre-sentence motion to withdraw his no-contest plea, and denied his motion without cause;
>
> (2) the trial court erred when it denied his motion to disqualify his appointed counsel;
>
> (3) the trial court denied his right to effective assistance of counsel, violating his due process rights and right to proper legal representation;
>
> (4) ineffective assistance of trial counsel and denial of due process.[20]

---

[14] *Id.* at 32–51.
[15] Doc. 11-1 at 53–68.
[16] *Id.* at 101-113.
[17] *Id.* at 114-146.
[18] *Id.* at 148.
[19] Doc. 1.
[20] *Id.*

Case No. 1:19-cv-00847
GWIN, J.

On February 11, 2021, Magistrate Judge Burke issued a Report and Recommendation recommending this Court deny Copley's petition.[21] On March 15, 2021, Petitioner *pro se* objected to the entire Report and Recommendation.[22]

## II. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[23] governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to a petitioner's claims that he is in custody in violation of the United States' Constitution, laws, or treaties.[24]

AEDPA prohibits federal courts from granting a habeas petition for any claim on which the state court gave a merits decision unless the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[25]

Additionally, before reviewing the merits of a habeas petition claim, a federal court must ensure the claim is not procedurally defaulted. A petitioner procedurally defaults a claim if he fails to comply with an independent and sufficient state procedural rule.

Most typically, procedural default occurs when a habeas petitioner did not raise a claim in state court and state *res judicata* rules hold that the state procedural rule forfeits any state remedy.

---

[21] Doc.13.
[22] Doc. 16-1.
[23] Pub. L. No. 104–132, 110 Stat. 1214 (1996).
[24] 28 U.S.C. § 2254(a).
[25] 28 U.S.C. § 2254(d); *see also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

Case No. 1:19-cv-00847
GWIN, J.

In Ohio, if a petitioner "failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted."[26] Likewise, if a petitioner failed to apply to reopen his direct appeal, a claim that his appellate counsel was ineffective is procedurally defaulted.[27]

To overcome procedural default, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law.[28] "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.[29] If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice.[30] A petitioner may also escape procedural default by demonstrating that there will be a fundamental miscarriage of justice if the claims are not considered. A fundamental miscarriage of justice results from the conviction of one who is "actually innocent."[31]

### III. Discussion

Petitioner Copley objects to Magistrate Judge Burke's recommendation that this Court deny Copley's habeas corpus petition as to each ground. The Court considers each of Petitioner's claims below.

---

[26] *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)).
[27] *State v. Gumm*, 103 Ohio St.3d 162, 162–63 (Ohio 2004).
[28] *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).
[29] *Castro v. Harris*, No. 1:18-CV-1167, 2018 WL 3829101, at *3 (N.D. Ohio Aug. 13, 2018).
[30] *See Smith v. Murray*, 477 U.S. 527, 532 (1986).
[31] *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

### A. Ground One Fails Because the State Trial Court's Alleged Error in Denying Petitioner's Motion to Withdraw His No-Contest Plea Is Not Cognizable on Federal Habeas Review and Any Claim His Plea Violated Federal Law Is Procedurally Defaulted and Otherwise fails.

Petitioner claims that the trial court erred when it denied his pre-sentence motion to withdraw his no-contest plea.

#### 1. State Law Errors

Petitioner argues that under Ohio procedural law,[32] the trial court should have allowed Petitioner to withdraw his plea to avoid a manifest injustice.[33] Petitioner urges that Ohio criminal procedural law supports free and liberal grant of pre-sentence plea withdrawal.[34]

Whether the trial court erred when it denied Petitioner's motion is "a question of state law that a federal habeas court cannot review."[35]

Accordingly, to the extent Petitioner's Ground One relies Ohio law errors, the Court dismisses the claim.

#### 2. Federal Law Errors

Notwithstanding the above, a state law violation may rise to a constitutional claim warranting habeas relief if "the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."[36]

---

[32] Ohio Crim. R. 31.1.
[33] Doc. 12 at 8.
[34] Doc. 16-1 at 9.
[35] *Cline v. Kelly*, No. 09cv859, 2010 WL 1006529 at *5 (N.D. Ohio March 16, 2010) (citing *Xie v. Edwards*, No. 93-435, 1994 WL 462143, at *2 (6th Cir. 1994) ("whether the trial court abused its discretion in denying ...[Petitioner]'s motion to withdraw his plea is a question governed by Ohio's statutes and case law")).
[36] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Estelle v. McGuire*, 502 U.S. 62, 69–70 (1991).

Case No. 1:19-cv-00847
GWIN, J.

Petitioner alleges that the trial court did not afford him a "full and fair hearing" regarding his motion to withdraw his no-contest plea.[37]

The record does not support Petitioner's claim. After Petitioner moved *pro se* to withdraw his no-contest plea, the state trial judge held a hearing on the motion.[38] During the hearing, Petitioner's trial counsel represented to the court that counsel fully explained counsel's plea strategy to Petitioner.[39] The trial judge asked Petitioner whether he agreed with his counsel's representations, and Petitioner indicated that he did.[40] At that point, the trial court denied Petitioner's motion to withdraw his plea. The Court found that Petitioner entered into his plea knowingly, intelligently, and voluntarily and that competent counsel advised Petitioner about his plea.[41]

In his traverse and objection, Petitioner does not offer any new evidence or argument to establish that his plea withdrawal hearing was fundamentally unfair. Therefore, the Court cannot say that the state court's denial of Petitioner's motion amounts to a constitutional error.

Further, Petitioner's argument that his plea was not made knowingly, intelligently, and voluntarily, does not succeed.[42] During his plea colloquy, the state trial judge explained

---

[37] Doc. 16-1 at 10. Additionally, Petitioner argues that his trial counsel misinformed him about the nature and consequences of his plea. The court address the ineffective assistance of counsel claim in Section C.
[38] Doc. 11-2 at 22–35.
[39] Id. at 28–31.
[40] *Id.*
[41] *Id.* at 34–35.
[42] Doc. 16-1 at 3–6.

each indictment count and explained the associated potential sentence.[43]  Petitioner affirmed that he understood and confirmed that no threats or promises had influenced his plea.[44]

Accordingly, to the extent Petitioner's Claim One relies on federal law errors, the claim fails.

The Court dismisses habeas Claim One.

**B. Ground Two Fails Because the State Trial Court's Alleged Error in Denying Petitioner's Motion for New Counsel Is Not Cognizable Under Habeas Review and Any Claim that the Trial Court's Decision Violated Federal Law is Procedurally Defaulted.**

Petitioner claims the state trial court abused its discretion when it denied his motion to disqualify his appointed counsel.  Petitioner claims that his counsel was unprepared and failed to adequately advise him about his potential sentence.[45]

### 1. State Law Errors

Petitioner primarily relies on Ohio law to support this claim.[46]  As explained above, state law errors cannot support federal habeas relief.[47]

Accordingly, to the extent Petitioner's Ground Two relies solely on Ohio law errors, the Court dismisses the claim.

### 2. Federal Law Errors

Moreover, any argument that the trial court's denial of Petitioner's motion for new counsel amounted to a federal law error also fails.  Petitioner did not present this claim as a

---

[43] Doc. 11-2 at 2–21.
[44] *Id.* at 13.
[45] Doc. 12 at 9; Doc. 16-1 at 12, same text verbatim.  Further, Petitioner argues that in denying his motion, the trial court violated his Sixth Amendment right to effective assistance of counsel.  The Court considers the ineffective assistance of counsel issue in Section C.
[46] *See* Doc. 12 at 8-10.
[47] *Estelle*, 502 U.S. at 67-68.

Case No. 1:19-cv-00847
GWIN, J.

federal constitutional issue on his direct appeal.[48] As a result, this claim is procedurally defaulted.

The Court dismiss Ground Two.

### C. Grounds Three and Four Fail Because Petitioner's Due Process Claims Are Procedurally Defaulted and Petitioner's Ineffective-Assistance-of-Counsel Claims Fail on the Merits.

With Grounds Three and Four, Petitioner claims he received constitutionally ineffective assistance from his state trial counsel and violation of his due process rights as a result of trial counsel's ineffective assistance.[49] As the claims are practically the same, the Court addresses them together.

#### 1. Due Process Claims

In his traverse and objection, Petitioner argues that his state trial counsel's ineffective assistance resulted in a denial of Petitioner's due process rights. But Petitioner did not raise a due process claim on his direct appeal in state court.[50] Therefore, this claim is procedurally defaulted under Ohio law.

To the extent Petitioner's Grounds Three and Four rely on due process errors, the Court dismisses the claims.

#### 2. Ineffective-Assistance-of-Counsel Claims

In his traverse, Petitioner claims that his trial counsel was ineffective because counsel (1) advised him to plead no-contest on all counts, even though Petitioner could receive a fifty-year sentence, (2) was unprepared to discuss a merger of allied offenses, (3) did not

---

[48] Doc. 12 at 64–65.
[49] Doc. 1 at 8-9.
[50] Doc. 12 at 53–69.

Case No. 1:19-cv-00847
GWIN, J.

know a witness was unavailable, and (4) appeared late to Petitioner's hearing and appeared only after the state trial court demanded counsel's appearance.[51]

On federal habeas review of an ineffective-assistance-of-counsel claim that a state court addressed on the merits, the sole inquiry is "whether the state court's application of the *Strickland*[52] standard was unreasonable."[53]

On his direct appeal, Petitioner argued that his trial counsel was ineffective for encouraging Copley to plead no contest when the no contest plea exposed Copley to a fifty-year prison term.[54] But the Ohio Eighth District Court of Appeals disagreed.[55] It found that Petitioner was provided legally correct sentencing information and the trial court impose a significantly shorter term. Applying the proper *Strickland* standard, the Ohio Court of Appeals found that Petitioner could not show any prejudice resulting from his claim that his counsel's advice exposed him to a fifty-year sentence.

Petitioner also argued before the appellate court that his counsel was unprepared to discuss the merger issue.[56] The appellate court found that Petitioner's counsel flagged the issue for the trial court and the prosecuting attorney agreed to merge the counts. Therefore, the appellate court correctly found there was no basis for Petitioner's claim.[57]

Additionally, Petitioner argued that his defense counsel was unaware that an employee witness was unavailable for trial.[58] The appellate court reasonably found there

---

[51] Doc. 12 at 11-20.
[52] Strickland v. Washington, 466 U.S. 668 (1984).
[53] *Harrington v. Richter*, 562 U.S. 86, 101 (2011).
[54] Doc. 11-1 at 65.
[55] *Id.* at 107.
[56] *Id.* at 65, 67.
[57] *Id.* at 107-108.
[58] *Id.* at 65.

Case No. 1:19-cv-00847
GWIN, J.

was no prejudice because the robbery was captured on video and Petitioner had otherwise confessed and apologized for his role in the crime.[59]

Lastly, Petitioner argued before the Ohio Court of Appeals that his counsel appeared late to Petitioner's hearing, and only appeared after the trial court demanded counsel's appearance.[60] The appellate court found that Petitioner could not show prejudice, as counsel appeared when the court summoned him, and secured at shorter sentence than the prosecution's final plea offer.[61]

The Court is not persuaded that the state appellate court's findings were unreasonable. In his traverse and objection, Petitioner merely reiterates arguments made before the state courts. Petitioner does not explain how the Ohio Court of Appeals' determination under *Strickland* lacked justification.

Accordingly, Petitioner's ineffective assistance of counsel claims fail.

The Court dismisses in part and denies in part Grounds Three and Four.

IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** Copley's objections, **ADOPTS** the Report and Recommendation, and **DISMIESS in part and DENIES in part** Copley's petition for a writ of habeas corpus. The Court certifies that no basis exists upon which to issue a certificate of appealability.

IT IS SO ORDERED.

---

[59] Doc. 11-1 at 108.
[60] *Id.* at 65.
[61] *Id.* at 108-109.

Dated: July 6, 2021          *s/    James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE